Jacob L. Newton
Arkanas Bar No. 2001177
Texas Bar No. 24046523
The Law Offices of Jacob Newton, PLLC
916 S. Bayou Dr.
Mountain View, AR 72560
(214) 502-8917
jakenewtonlaw@gmail.com

ATTORNEYS FOR FIRST SERVICE BANK

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 4:17-BK-16183** |
| **JERRY WHITLEY** | § | |
| | § | **CHAPTER 11** |
| Debtor. | § | |

## FIRST SERVICE BANK'S MOTION TO DISMISS WITH PREJUDICE

First Service Bank ("First Service") hereby files this Motion to Dismiss With Prejudice (the "Dismissal Motion") on the grounds set forth below:

### Preliminary Statement

This Court is well familiar with this Debtor's repeated attempts to play "fast-and-loose" with the bankruptcy process and the Debtor's attempts to actually defraud his creditors. The Debtor initiated this Court's involvement back on October 13, 2013, by filing a chapter 7 petition with this Court (the "First Arkansas Bankruptcy").[1] Thereafter, based on the Court's finding that the Debtor had committed actual fraud on his creditors, the Court entered an Order formally denying the Debtor's discharge in the First Arkansas Bankruptcy.[2]

---

[1] *See* Case No. 13-15983.

[2] *See* Consent Order Revoking Debtor's Discharge, dated February 6, 2017 (Docket No. 139) (hereafter, the "Discharge Denial Order").

Notwithstanding the Discharge Denial Order and the fact that the First Arkansas Bankruptcy is still pending, the Debtor on September 29, 2017, filed a second petition for relief, this time seeking relief under chapter 11 of the Bankruptcy Code in the Northern District of Texas (the "Texas Bankruptcy").  *See* Case No. 17-33628 (Bankr. N.D. Tex.).  Notably, the Debtor could not establish venue in Texas, substantially all of the Debtor's creditors are located in Arkansas, and, most importantly, the Texas Bankruptcty sought to address the very same debts on which the Debtor had previously been denied a discharge.

Upon learning of the Debtor's improperly filed Texas Bankruptcy, First Service filed a Motion to Transfer Venue of the Texas Bankruptcy to this Court pursuant to the provisions of FED. R. BANKR. P. 1014(b) (the "Transfer Motion").  After a hearing held on November 14, 2017, this Court granted the Transfer Motion, finding that both the convenience of the parties and the interests of justice precluded the Debtor from proceeding in Texas.  Thereafter, the Debtor's Texas Bankruptcy was transferred back to this Court, where it was assigned case number 17-16183 (the "Second Arkansas Bankruptcy").

First Service is now seeking the dismissal of the Debtor's Second Arkansas Bankruptcy for cause, as set forth in 11 U.S.C. § 1112.  As discussed below, ample cause exists for the Court to dismiss the Debtor's chapter 11 petition, including the following:

•  The current chapter 11 petition was filed primarily to ddelay and frustrate First Service from pursuing collection efforts on the Debtor's debt to First Service, a debt which the Court has already ruled cannot be discharged.  Thus, the Debtor is not acting in good faith.

•  The Debtor's has no likelihood of reorganizing under chapter 11.

•  The Debtor is not actively prosecuting the Second Arkansas Bankruptcy and is in breach of his obligation to reasonably move the case forward.

Hence, First Service requests that this Court enter an Order dismissing the Debtor's Second Arkansas Bankruptcy with prejudice for a period of 60 months.

**Factual Background**

1.      The Debtor's relationship with First Service began on or about April 9, 2007, when the Debtor executed a promissory note payable to First Service in the amount of $995,000 (the "Note").  The Note proceeds were used by the Debtor to purchase a restaurant in Conway, Arkansas.  The Debtor also executed various other loan documents, including a first-priority mortgage to secure repayment of the Note.

2.      Through a series of other transactions, the Debtor subsequently borrowed additional amounts from First Service, including  $1.6 million in May 2007, $85,310 in October 2009, and $230,150 in January 2012.

3.      After the Debtor defaulted on various of his loans, First Service obtained a judgment against the Debtor in the amount of $838,199.70 in December 27, 2010.  Subsequently, the Debtor was able to make various paydowns on the debt owed to First Service.

4.      Throughout its history with this Debtor, First Service has reasonably attempted to work with the Debtor to find consensual solutions to both the Debtor's loans and, after December 27, 2010, the judgment owed to First Service.

5.      As of October 11, 2017, the Debtor owes $1,893,719.61 to First Service Bank.  This aggregate amount includes $266,599.37 owed by the Debtor to First Service on account of the various loan transactions, plus $1,627,120.24 owed by the Debtor under that Decree of Foreclosure and Order of Confirmation, both of which were assigned to First Service by The Capital Bank on or about July 11, 2017.

**Grounds for Dismissal**

6.      Under Section 1112(b) of the Bankruptcy Code, the court shall dismiss (or convert a case to Chapter 7) upon a showing of cause.  11 U.S.C. § 1112(b).  While Section 1112(b) lists numerous grounds for dismissal or conversion, the list is not exhaustive and "cause" must be determined on a case-by-case basis.  *See In re 1701 Commerce, LLC*, 477 B.R. 652, 657 (Bankr. N.D. Tex. 2012) ("While the Code does not expressly list filing in bad faith as cause for relief or dismissal, the Code's definition of 'cause' is not exhaustive, and courts in this and other circuits have long recognized that bad faith constitutes 'cause' for purposes of dismissal under section 1112(b) or relief from stay under section 362(d)(2).").  Here, the unlikelihood of reorganizing in a reasonable time and the Debtor's lack of good faith constitute cause for dismissal under Section 1112(b).  *See In re Little Creek Development Co.,* 779 F.2d 1068, 1072 (5th Cir. 1986).

**A)**      <u>**Inability to Reorganize in a Reasonable Time**</u>

7.      It is clear from the Debtor's first day filings that reorganization is not reasonably possible for this Debtor, and prolonging this proceeding will only cause the parties to needlessly incur fees and expenses with no legitimate purpose served by the bankruptcy.

8.      Despite being ordered by the Texas bankruptcy court to file his Schedules by October 13, 2017, the Debtor has never filed any Schedules.  According to the Debtor's Top 20 Creditor List, however, First Service is one of only two unsecured creditors and holds approximately 90% of the Debtor's total unsecured debt.  *See* Docket No. 2 in the Texas Bankruptcy.  Hence, First Service will control any class of unsecured creditors.

9.      Moreover, this Court's Discharge Denial Order precludes the Debtor's chapter 11 case from having any impact on the debt owed to First Service.  Nor can the Debtor's chapter 11 case impact any of the other debts that were included in the First Arkansas Bankruptcy.  As

mentioned above, on February 6, 2017, this Court entered its Discharge Denial Order (Docket No. 139), affirmatively denying the Debtor a discharge of any of the debts addressed in the First Arkansas Bankruptcy. This is akin to a final judgment on the merits, and the Debtor should be barred by principles of res judicata from dragging First Service through another bankruptcy proceeding and yet again attempting to discharge his debt to First Service.

10.     According to the Eighth Circuit Court of Appeals,

[i]n applying the Eighth Circuit test for whether the doctrine of res judicata bars litigation of a claim, we examine whether (1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was a final judgment on the merits, and (3) both cases involve the same cause of action and the same parties.

11.     Here, this Court is the same court that entered the prior judgement denying the Debtor's discharge, and this Court clearly is a court of competent jurisdiction. Further, the Court's Discharge Denial Order should be considered a final judgment on the merits, satisfying the second factor set forth above. Finally, the Debtor's First Arkansas Bankruptcy, the Debtor's Texas Bankruptcy, and now the current Second Arkansas Bankruptcy all involve substantially identical parties and seek substantially the same relief—particularly as it relates to the debt owed to First Service.

12.     Hence, based on this Court's February 2017 final order denying the Debtor's bankruptcy discharge, the res judicata doctrine precludes the Debtor from now attempting to discharge or otherwise impact the debt owed to First Service through the current chapter 11 case. And if the current chapter 11 case cannot have any impact on any of the debts involved in the First Arkansas Bankruptcy, there is no likelihood that the Debtor can reorganize in a reasonable time and therefore no justification for forcing First Service or the other Arkansas creditors to the expense and inconvenience of participating in yet another bankruptcy proceeding. Accordingly,

there is cause to dismiss this case and thereby prevent the parties and the Court from wasting valuable time and resources.

**B)**   <u>**Lack of Good Faith**</u>

13.   Filing a petition with a lack of good faith constitutes grounds for dismissal under Section 1112(b).  *In re 1701 Commerce*, 477 B.R. at 657; *Carolin Corp. v. Miller,* 886 F.2d 693, 698 (4th Cir. 1989) (*citing In re Winshall Settlor's Trust,* 758 F.2d 1136, 1137 (6th Cir. 1985)) ("[A]n implicit prerequisite to the right to file [a chapter 11 petition] is good faith on the part of the debtor, the absence of which may constitute cause for dismissal....").  Indeed, the Bankruptcy Code's good faith requirement is designed to (a) prevent the "abuse of the bankruptcy process by debtors whose overriding motive is to delay creditors without benefiting them in any way," and (b) as a means to protect "the jurisdictional integrity of the bankruptcy courts" by making the Bankruptcy Code only available to debtors with "clean hands."  *In re Little Creek,* 779 F.2d at 1072.

14.   Here, this Debtor has a long history of playing "fast and loose" with the requirements of the Bankruptcy Code and abusing the bankruptcy process.  Indeed, this Court is quite familiar with the Debtor's fraudulent abuse of the bankruptcy process, having presided over a two-day trial involving Count II of the Chapter 7 Trustee's Second Amended Complaint against the Debtor.  Count II alleged that the Debtor had engaged in a fraudulent transfer using actual fraud under 11 U.S.C. §548(a)(1)(A)—relating to, among other things, the Debtor's pre-petition transfer of $108,500 used by a non-debtor spouse to purchase a house located at 8 Quieto Trace.  At the conclusion of the trial, the Court on March 1, 2016, the Court made the following findings:

The Court:      "Who, right before they file bankruptcy, thinks they're going to save their marriage by spending 637,000 dollars on a house?  And doing so, and this is going to be one of the factors, by denuding himself of every single asset he had.  Everything.  He didn't get rid of [the Lonsdale property] because it had a big 'ol judgment or a lien or a mortgage or something against it, because he reported three million in judgment secured debt against the 500,000 dollar [Lonsdale property], so it wasn't an option.  So he started taking his salary and funneling it to his wife, ANICO to his wife, church payments to his wife, denuded himself of everything, and bought her a three hundred – excuse me – a 637,000 dollar house with the houseboat and anything else he could do, all the while knowing he was going under.

*Who does that?  Who saves a marriage that way, unless you're looking out for yourself and you intend to defraud your creditors?  And that's exactly what he [the Debtor] was doing.*"[3]

---

[3] Emphasis added.  In addition to Count II, the Trustee's Second Amended Complaint also alleged the following additional counts:

    a.      Count I: Declaratory Judgment; Debtor's Interest in 500 Acres of Land; 11 U.S.C. §544, Strong Arm Powers; in the Alternative, 11 U.S.C. §547(b), Preferential Transfer; Authority to sell 500 Acres;

    b.      Count III: Actual Fraud; 11 U.S.C. §548(a);

    c.      Count IV: Bankruptcy Fraud; 11 U.S.C. §727(d)(2); Revocation of Discharge;

    d.      Count V: 11 U.S.C. §548(a)(1)(A); Actual Fraud; 11 U.S.C. §548 (A)(1)(B); Constructive Fraud;

    e.      Count VI: Personal, Non-Dischargeable Judgment Against Debtor; Constructive Trust or Equitable Lien;

    f.      Count VII: Request for Emergency Order Imposing the Automatic Stay Provisions of 11 U.S.C. §362 on to the 8 Quieto Trace Real and Personal Property;

    g.      Count VIII: 11U.S.C. §547(B); Preferential Transfers; 11 U.S.C. §548(a)(1)(A); Actual Fraud;

    h.      Count IX: 11 U.S.C. §548 (a)(1)(A; Actual Fraud; Conspiracy to Defraud;

    i.      Count X: Plaintiff's Cross-Complaint Against Intervenors, Michael and Deana Fleharty; and k. Count XI: 11 U.S.C §548; Equitable Tolling of the Statute of Limitations.

15.     Hence, the Court concluded that the Debtor had engaged in **_actual fraud_** against his creditors by, _inter alia_, failing to disclose assets in his chapter 7 bankruptcy petition, fraudulently concealing other sources of income, and denuding himself of substantially all assets in order to perpetrate a fraud on his creditors.  Based on this Court's findings, the Debtor subsequently signed a voluntary Settlement Agreement with the Chapter 7 Trustee, and the Court ultimately entered its Discharge Denial Order.

16.     Further, notwithstanding the fact that he voluntarily executed the Settlement Agreement and the fact that this Court incorporated the Settlement Agreement into the Discharge Denial Order, the Debtor – barely 7 months later – continued his attempts to frustrate his creditors by filing the improper Texas Bankruptcy.  The Debtor's improper abuse of the bankruptcy process has caused the Debtor's creditors—primarily First Service—to incur significant expense and additional delay for no good reason, which constitutes bad faith according to the Fifth Circuit's decision in _In re Little Creek Development Co.,_ 779 F.2d 1068, 1072 (5th Cir. 1986).

17.      The Court should not condone the Debtor's improper and continuing abuse of the bankruptcy process.  The current chapter 11 case should be dismissed with prejudice for 60 months so that the Debtor is precluded from simply re-filing yet another bad faith petition in some other jurisdiction and dragging First Service through yet another proceeding for no good reason.

18.     The bankruptcy process is simply not intended to be used as a shield by individuals who abuse the bankruptcy process.  _See In re Thalmann_, 469 B.R. 677, 681 (Bankr. S.D. Tex. 2012) ("The purpose of the Bankruptcy Code is to afford the honest but unfortunate debtor a fresh start, not to shield those who abuse the bankruptcy process.").

19.     For these reasons, cause exists to dismiss the present bankruptcy.

**C)**   **Dismissal With Prejudice**

20.     Cause also exists to dismiss the Debtor's Second Arkansas Bankruptcy with

prejudice to refiling for a period of sixty months.  Section 349(a) provides:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does
> not bar the discharge, in a later case under this title, of debts that were dischargeable in the
> case dismissed; nor does the dismissal of a case under this title prejudice the debtor with
> regard to the filing of a subsequent petition under this title, except as provided in section
> 109(g) of this title.

11 U.S.C. § 349(a).

21.     Hence, under Section 349(a), the Court has the express authority to prohibit the

Debtor from filing future bankruptcy petitions.  *Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198

F.3d 327, 336 (2d Cir. 1999) (stating that Section 349(a) permits a bankruptcy court to prohibit

filing of future petitions, as does Section 105(a) of the Bankruptcy Code).

22.     Here, given the Debtor's track record, it is entirely appropriate to dismiss the

Debtor's bankruptcy with prejudice to refiling for a period of 60 months.  The Debtor has

committed actual fraud upon his creditors, causing this Court to enter its Discharge Denial Order.

The Debtor then, barely seven months later, moved to Texas in September 2017 and then

immediately filed the Texas Bankruptcy (without even bothering to establish the appropriate venue

in Texas).  Yet the Debtor has taken no steps to reasonably prosecute the newly filed chapter 11

petition, instead sitting back for almost 3 months now without even bothering to file schedules or

to otherwise attempt to advance the case.  Clearly, the Debtor is simply continuing to misuse the

bankruptcy process simply to frustrate and delay First Service from pursuing reasonable collection

efforts.  Hence, First Service respectfully requests that the Court dismiss the Debtor's chapter 11

petition with prejudice to refiling for sixty months.

### Relief Requested

For these reasons, First Service respectfully requests that the case be immediately dismissed pursuant to 11 U.S.C. § 1112(b) with prejudice to refiling for a period of sixty months, and that the Court grant First Service such other and further relief as is just and equitable.

Respectfully submitted,

*/s/ Jacob L. Newton*
Jacob L. Newton
Arkansas Bar No. 2001177
Texas Bar No. 24046523
*jakenewtonlaw@gmail.com*

The Law Offices of Jacob Newton, PLLC
916 S. Bayou Dr.
Mountain View, AR 72560
Tel:  (214) 502-8917

ATTORNEYS FOR FIRST SERVICE BANK

**Certificate of Service**

A true and correct copy of the foregoing document was served in accordance with the Federal Rules of Bankruptcy Procedure on December 20, 2017, on all parties entitled to notice including the persons/entities identified below.

/s/ *Jacob L. Newton*
Jacob L. Newton

| | |
|---|---|
| Gregory Wayne Mitchell<br>The Mitchell Law Firm, L.P.<br>12720 Hillcrest Road, Suite 625<br>Dallas, TX  75230 | Dave and Patsy Stanage Revocable c/o Perry Young<br>Jensen Young & Houston, PLLC<br>Drawer 1500<br>Benton, AR 72015 |
| Jerry P. Whitley<br>P.O. Box 2467<br>Cedar Hill, TX  75106 | Arkansas Dept. of Finance and Administration<br>PO Box 3628<br>Little Rock, AR 72203 |
| FIRST SERVICE BANK<br>12921 Cantrell Road, Suite 204<br>Little Rock, AR 72223 | Internal Revenue Service Centralized Insolvency<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Internal Revenue Service<br>Mail Code 5020-DAL<br>1100 Commerce Street<br>Dallas, TX  75242 | Joy Ballard<br>Saline County Collector<br>215 N. Main St. Suite 3<br>Benton, AR 72015 |
| Jerry K. Whitley<br>219 Turtlecreek Dr.<br>Benton, AR 72015 | J. Brad Moore, Esq. Wetzel & Moore, P.A.<br>200 North State Street, Ste. 200<br>Little Rock, AR 72201 |
| Midsouth Adjustment<br>316 West 6th Suite A<br>Pine Bluff, AR 71601 | Office of U.S. Trustee<br>200 W Capitol, Ste. 1200<br>Little Rock, AR 72201 |