IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

IN RE: JERRY P. WHITLEY,                      CASE NO. 4:17-bk-16183-T
       Debtor-in-Possession                                              Chapter 11

## UNITED STATES TRUSTEE'S MOTION TO DISMISS

Comes the United States Trustee by the undersigned counsel, and for his Motion to Dismiss, respectfully states and alleges:

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and Local Rule 83.1 of the District Court.

2. The captioned case was initiated as a voluntary petition under Chapter 11 of the Bankruptcy Code on September 29, 2017 and was transferred from the Norther District Texas, Dallas Division, Case Number 17-33628-sgj 11 to the Eastern District of Arkansas as case number 4:17-bk-16183.

3. The Debtor is a small business as that term is defined in 11 U.S.C. § 101(51D).

4. The first meeting of creditors was scheduled in Texas and not held. The first meeting of creditors was scheduled in Little Rock, Arkansas on January 10, 2018.

5. The petition describes the debtor as an individual Debtor and the petition is signed by Jerry P. Whitley, as the Debtor, and Gregory W. Mitchell as his attorney

6. Pursuant to 11 U.S.C. § 1112(b) the court shall dismiss a chapter 11 case if the movant establishes cause. While cause for dismissal or conversion includes the items listed at 11 U.S.C. § 1112(b)(4) these factors are not exclusive and cause may be established based upon other factors.

7.  The Debter currently has an open chapter 7 case, case number 4:13-bk-15983 pending in the Eastern District of Arkansas.

8.  Pursuant to 11 U.S.C. § 1112(b)(4)(A), cause for dismissal exists due to failure to provide monthly operating reports since the comencement of the Debtor's case. Without operating reports, it is imposible for the creditors and the United States Trustee to determine if there is a substantial or contining loss or diminution of the estate and the absence of a reasonable likelihood of rehabilitian.

9.  Pursuant to 11 U.S.C. § 1112(b)(4)(C), cause for dismissal exists due to failure maintaint appropriate insurance that poses a risk to the estate or to the public. Debtor's proof of liability insurance has not been provided for home and business.

10. Pursuant to 11 U.S.C. § 1112(b)(4)(E), cause for dismissal exists due to failure to comply with an order of the court, by failing to file within 14 days of the date of the filing of the petition including schedules, statement of finanical affairs, summary of assets and liabilities, copies of employee income records, and statement of current monthly income.

11. Pursuant to 11 U.S.C. § 1112(b)(4)(F), unexcused failure to statisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter.

12. Pursuant to 11 U.S.C. § 1112(b)(4)(H), cause for dismissal exists due to failure to timely provide information or attend meetings reasonably requested by the United States Trustee. To date, the Debtor has failed to provide requested information to the U.S. Trustee.

13. On Saturday, December 2, 2017, Debtors's Attorney informed the U.S. Trustee that it is not clear that Mr. Whitley is going to be able to proceed with the Chaper 11 case in Arkansas and cannot commit to any of the dates presented for the initial debtor interview and 341(a) meeting of creditors. *See* **Exhibit 1** incorporated herein and attached hereto by reference.

14. Based on the foregoing, there appears to be very little likelihood that the Debtor can successfully propose and confirm a plan of reorganization.

15. Cause exists pursuant to 11 U.S.C. § 1112 to dismiss this case.

16. Pursuant to 28 U.S.C. § 1930(a)(6), the Debtor is obligated to pay to the United States Trustee a minimum of $325.00 for each quarterly period, including any fraction thereof, until a Plan is confirmed, or the case is converted or dismissed, whichever occurs first.

17. If the case is dismissed, the United States Trustee is entitled to judgment against the Debtor for the full amount of the quarterly fee, together with interest.

18. The United States Trustee requests that the following decretal paragraph be incorporated in the Order of Dismissal or Conversion:

> ORDERED that the Debtor pay to the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) within ten (10) days of the entry of this Order, and simultaneously provide to the United States Trustee an appropriate Affidavit indicating the cash disbursements for the relevant period. If the fee is not paid as hereinbefore set out, the United States Trustee will have judgment against the Debtor for the full amount of the quarterly fees, together with interest, effective ten (10) days from the entry of this Order.

19. Pursuant to 11 U.S.C. § 1112(b)(3), the court shall commence the hearing on a motion under 11 U.S.C. § 1112 not later than 30 days after the filing of the motion, and shall decide the motion not later than 15 days after commencement of such hearing. The United States Trustee hereby waives the 30-day hearing requirement.

WHEREFORE, the United States Trustee respectfully requests the entry of an order dismissing the Chapter 11 case conditioned upon the payment of the United States Trustee quarterly fees, or judgment against the Debtor for the full amount of the quarterly fees, together with interest, and all other proper relief to which he may be entitled.

Respectfully submitted,

DANIEL J. CASAMATTA
ACTING UNITED STATES TRUSTEE

By: _____
Joseph A. DiPietro, Bar No. 98004
Trial Attorney
200 West Capitol Avenue, Suite 1200
Little Rock, AR 72201-3618
(501) 324-7357
Fax: (501) 324-7388
Joseph.A.DiPietro@usdoj.gov

CERTIFICATE OF SERVICE

I do hereby certify that I have mailed a copy of the foregoing pleading to the following by first class mail with sufficient postage thereon on this 21st day of December, 2017:

Jerry P. Whitley
P.O. Box 2467
Cedar Hill, TX 75106

_____
Joseph A. DiPietro