**The Mitchell Law Firm, L.P.**
Gregory W. Mitchell
State Bar ID#:  00791285
greg@mitchellps.com – E-mail
12720 Hillcrest Road, Suite 625
Dallas, Texas  75230
(972)463-8417 – Office
(972)432-7540 – Facsimile
**ATTORNEYS FOR DEBTOR**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **JERRY P. WHITLEY,** | § | **CASE NO. 4:13-bk-15983** |
| | § | **Chapter 7** |
| **Debtor.** | § | |
| | § | |

---

### DEBTOR'S OBJECTION AND RESPONSE TO FIRST SERVICE BANK'S MOTION TO DISMISS WITH PREJUDICE

---

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW JERRY P. WHITLEY,** Debtor in the above-referenced bankruptcy case ("**Debtor**") and files this his *Debtor's Objection and Response to First Service Bank's Motion to Dismiss with Prejudice* (the "**Objection**") in response to *First Service Bank's Motion to Dismiss with Prejudice* the "**Motion**") filed by First Service Bank ("**Movant**") and would show the Court as follows:

1.      The Motion seeks to dismiss Debtor's bankruptcy case for three stated reasons, as follows:

> (1) That the current Chapter 11 petition was allegedly filed primarily to delay Movant's collection efforts;

(2) That the Debtor allegedly has no likelihood of reorganizing under chapter 11; and

(3) That the Debtor is not actively prosecuting the Second Arkansas Bankruptcy.

Each of these allegations will be analyzed in turn below.

2.      To be clear, Debtor does not oppose dismissal of this case.  However, Debtor strongly opposed dismissal with prejudice.  Movant has not demonstrated any basis for a dismissal with prejudice, and indeed there is no such basis.

**A. <u>Allegation that Case Was Filed for Purposes of Delay and therefore in Bad Faith</u>**

3.      As its first asserted "cause" to dismiss the case with prejudice, Movant asserts that the current Chapter 11 petition was filed primarily to delay and frustrate Movant from pursuing collections efforts – thereby constituting bad faith.

4.      In making such allegation, Movant acknowledges the fact that its debt has already been determined to be nondischargeable.  As such, it is unclear how Debtor's subsequent filing affects its collection efforts at all.  Debtor's filing was made, at least in part, to address the debt of Movant and provide for some satisfaction of Movant's debt, along with Debtor's other accumulated debt.

5.      Although the Motion mentions it in passing, the Motion glosses over the fact that Debtor's previous bankruptcy case is still in existence.  Therefore, it is also unclear how Debtor's subsequent filing worked any additional limitation on Movant's collection efforts that did not already exist by virtue of the continued existence of Debtor's First Bankruptcy Case.

6.      In making its allegation, Movant has provided no substance to its allegation of bad faith.  Although, as noted above, it's not clear that the filing of the Second Bankruptcy Case caused Movant *any* delay, if causing delay on collecting a debt was the standard for bad faith, then no bankruptcy case could ever be filed in good faith.

7.      To the contrary, Debtor sought to structure his debts under Chapter 11 – a chapter of bankruptcy which acknowledges debts and attempts to pay them back in a systematic fashion. Debtor is currently subject to multiple attempts by creditors to garnish funds – which is the kind of a "race to the courthouse" that a bankruptcy filing is designed to prevent.

8.      The Motion focuses almost exclusively on conduct incurred in Debtor's First Bankruptcy Case.  Debtor has already been punished for such conduct in the form of a finding of non-dischargeability.  Such a finding is not somehow res judicata on the issue of good faith with respect to a subsequent filing.

9.      The Motion further appears to assert that Debtor somehow rushed to "immediately" file the Second Bankruptcy Case "seven months later."  Seven months is not exactly immediate, and the asserted timeframe is misleading, as it is the timeframe from the execution of the settlement agreement and the filing of the Second Bankruptcy Case.  In fact, the Second Bankruptcy Case was filed some four years after the First Bankruptcy Case.  Once again, the Second Bankruptcy Case was filed in order to address the debt existing from the results of the First Bankruptcy Case. And once again, the First Bankruptcy Case was still pending, and therefore the Second Bankruptcy Case imposed no further restrictions on Movant than the continued existence of the First Bankruptcy Case did.

10.     Debtor did not file the current chapter 11 bankruptcy case in bad faith, and therefore this allegation cannot be a basis of a dismissal with prejudice.

**B. Likelihood of Reorganization**

11.     As a second asserted basis for "cause" to dismiss the case with prejudice, Movant asserts that Debtor has no likelihood of reorganizing under chapter 11.

12.     Once again, Movant provides no substance to its allegation, but instead makes a

mere conclusory allegation.

13.     Contrary to Movant's assertions, like many individual debtors, Debtor herein seeks to reorganize and repay his debts by way of future income.  Bankruptcy provides an appropriate avenue by which to do that by way of a chapter 11 plan that provides for an orderly payment to creditors – rather than simply allowing creditors to separately seek satisfaction by way of garnishment and other such collection tools.

14.     Debtor has a reasonable possibility for reorganization and therefore should be allowed to pursue such reorganization.

15.     As Debtor has acknowledged, however, in prior filings, it is not feasible for Debtor to prosecute his case in Arkansas now that he resides in Dallas, Texas.  Therefore, Debtor once again does not oppose dismissal, but only opposes dismissal with prejudice.

**C.  Failure to Actively Pursue Second Arkansas Bankruptcy**

16.     Debtor has acknowledged on multiple occasions that he does not have the resources to prosecute his bankruptcy case in Arkansas now that he lives in Dallas, Texas.

17.     Debtor's case has proved to be actively litigated – which would likely require Debtor to appear on a regular basis in Arkansas.  He simply cannot afford to do so.

18.     It is for this reason that Debtor does not oppose dismissal of this case.

19.     However, once again, no viable basis for dismissal with prejudice has been put forth.

20.     Movant references Debtor's failure to prosecute his Second Bankruptcy Case in the context of its assertion of bad faith, but such conduct is only evidence of Debtor's inability to afford to pursue his case in Arkansas rather than bad faith in filing.

21.     Debtor's "sitting back" (as alleged in the Motion) is rather the simple waiting for

the case to be dismissed (which he does not oppose) since he cannot pursue it.

WHEREFORE, Debtor respectfully requests the Court deny the requested relief to the extent that it seeks a dismissal of his Chapter 11 case with prejudice.

**DATED this 11th day of January, 2018.**

Respectfully submitted,

*/s/ Gregory W. Mitchell*
**The Mitchell Law Firm, L.P.**
Gregory W. Mitchell
State Bar ID#:  00791285
greg@mitchellps.com – E-mail
12720 Hillcrest Road, Suite 625
Dallas, Texas 75230
(972)463-8417 – Office
(972)432-7540 – Facsimile
**ATTORNEY FOR DEBTOR**

## CERTIFICATE OF SERVICE

I hereby certify that on **January 11, 2018**, a true and correct copy of the foregoing document was served via the Court's ECF system upon the required parties on the attached service list.

*/s/ Gregory W. Mitchell*
Gregory W. Mitchell